**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ELIZABETH RAYLANE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:24-cv-03051-X** |
| **INTEGRA STAFFING SERVICES,** | § | |
| **INC. and REPUBLIC SERVICES,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT REPUBLIC SERVICES, INC.'S BRIEF IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
Telephone:    214.880.8100
Facsimile:    214.880.0181

Nicole S. LeFave
Texas Bar No. 24085432
nlefave@littler.com
Kimberly Kauffman
Texas Bar No. 24089255
kkauffman@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:    512.982.7250
Facsimile:    512.982.7248

## <u>TABLE OF CONTENTS</u>

I.     PROCEDURAL BACKGROUND AND OVERVIEW OF
       PLAINTIFF'S AMENDED COMPLAINT ............................................................. 1

II.    ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT............................. 3

III.   STANDARD OF REVIEW ........................................................................................ 4

IV.    ARGUMENT & AUTHORITIES ............................................................................. 4

       A.    Plaintiff Fails to Sufficiently Allege Republic Was Her Employer................ 4

       B.    Plaintiff Fails to State a Claim for Sexual Harassment ................................... 8

       C.    Plaintiff Fails to State a Claim for Sex Discrimination ................................. 12

V.     CONCLUSION......................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                   **Page(s)**

*Alfred v. City of Austin*,
   No. 1:20-CV-1119-LY, 2021 WL 12301191 (W.D. Tex. Sept. 2, 2021)................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................4

*Buenrostro v. Flight Safety Int'l, Inc.*,
   151 F. Supp. 2d 788 (W.D. Tex. 2000)............................................................................10

*Chhim v. Univ. of Tex. at Austin*,
   836 F.3d 467 (5th Cir. 2016) ............................................................................................12

*Cicalese v. Univ. of Tex. Med. Branch*,
   924 F.3d 762 (5th Cir. 2019) ............................................................................................12

*Dunlap v. Fort Worth Indep. Sch. Dist.*,
   No. 4:21-CV-00790-O-BP, 2021 WL 6503710 (N.D. Tex. Dec. 15, 2021),
   *report and recommendation adopted sub nom.*, *Dunlap v. Fort Worth Indep.*
   *Sch. Dist.*, No. 4:21-CV-00790-O-BP, 2022 WL 160242 (N.D. Tex. Jan. 18,
   2022) .................................................................................................................................5

*Ernst v. Methodist Hosp. Sys.*,
   1 F.4th 333 (5th Cir. 2021) ..............................................................................................13

*Faragher v. City of Boca Raton*,
   524 U.S. 775 (1998).............................................................................................................9

*Garcia v. Schwab*,
   967 S.W.2d 883 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.)..............................11

*Hanna v. Cangshan Cutlery Co.*,
   767 F. Supp. 3d 384 (W.D. Tex. 2025).............................................................................10

*Hernandez v. Yellow Transp., Inc.*,
   670 F.3d 644 (5th Cir. 2012) ..............................................................................................9

*Hockman v. Westward Commc'ns, LLC*,
   407 F.3d 317 (5th Cir. 2004) ............................................................................................11

*Hood v. Gulf Cap. Bank, Inc.*,
   No. CV H-22-1126, 2022 WL 3588049 (S.D. Tex. Aug. 22, 2022) ....................................7, 8

*Johnson v. TCB Const. Co.*,
   334 F. App'x 666 (5th Cir. 2009) (per curiam) ..................................................................9

*Paul v. Northrop Grumman Ship Sys.*,
    309 F. App'x 825 (5th Cir. 2009) (per curiam) ...................................................11

*Perry v. VHS San Antonio Partners, L.L.C.*,
    990 F.3d 918 (5th Cir. 2021) ................................................................................6

*Ross v. Judson Indep. Sch. Dist.*,
    993 F.3d 315 (5th Cir. 2021) ................................................................................9

*Royal v. CCC & R Tres Arboles, L.L.C.*,
    736 F.3d 396 (5th Cir. 2013) ................................................................................9

*E.E.O.C. v. Serv. Master Co.*,
    No. 306-CV-1761-M, 2007 WL 1828035 (N.D. Tex. June 26, 2007) .....................7

*Shepherd v. Comptroller of Pub. Accts. of State of Tex.*,
    168 F.3d 871 (5th Cir. 1999) ..............................................................................11

*Spring v. Walthall, Sachse & Pipes, Inc.*,
    No. 04–09–00474–CV, 2010 WL 2102988 (Tex. App.—San Antonio May 26,
    2010, no pet.) (mem. op.)......................................................................................11

*Stewart v. AutoRevo, Ltd.*,
    No. 3:17-CV-0019-B, 2017 WL 5177119 (N.D. Tex. Nov. 8, 2017).....................13

*Twigland Fashions, Ltd. v. Miller*,
    335 S.W.3d 206 (Tex. App.—Austin 2010, no pet.) .............................................11

*Weeks v. Bottling Grp. LLC*,
    No. PE:21-CV-00066-DC-DF, 2022 WL 1523634 (W.D. Tex. May 13, 2022) .................5, 6

## Statutes

42 U.S.C. ................................................................................................................3

42 U.S.C. § 2000e(b), (f) .......................................................................................5

Tex. Lab. Code § 21.002(7), (8) .............................................................................5

Chapter 21 of the Texas Labor Code ....................................................................1, 5

Section 21.002 of the Texas Labor Code ................................................................5

## Other Authorities

EEOC Compliance Manual, Section 2: Threshold Issues at III(B)(1)(a)(iii)(b)
    2009 WL 2966755 ...............................................................................................6

Rule 12(b)(6).................................................................................................1, 2, 3, 4

Defendant Republic Services, Inc. ("Republic")[1] files this Brief in Support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint, respectfully requesting the Court dismiss all of Plaintiff Elizabeth Raylane's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff fails to sufficiently allege Republic acted as Plaintiff's employer pursuant to Title VII or Chapter 21 of the Texas Labor Code. Additionally, Plaintiff fails to state a claim for sexual harassment because she does not allege any purportedly harassing comments of a sexual nature, and her allegations, even if taken as true, do not rise to the level of severe or pervasive. Plaintiff further offers no allegations to support her claim that she was discriminated against based on her sex. For the reasons set forth below, Republic respectfully requests these claims be dismissed in their entirety and with prejudice.

## I.    PROCEDURAL BACKGROUND AND OVERVIEW OF PLAINTIFF'S AMENDED COMPLAINT

On December 5, 2024, Plaintiff filed her Original Complaint against Republic and Integra Staffing Services, Inc. ("Integra"), asserting claims of sexual harassment, sex discrimination, and retaliation under Title VII and Chapter 21 of the Texas Labor Code. ECF No. 1. On July 29, 2025, Republic filed a Motion to Dismiss Plaintiff's Original Complaint pursuant to Rule 12(b)(6). ECF Nos. 12 and 13.

On August 18, 2025, rather than responding to Republic's Rule 12(b)(6) Motion to Dismiss, Plaintiff filed a response Republic's earlier Motion to Dismiss for Insufficient Service of Process, ECF No. 18, which the Court already ruled upon on August 5, 2025. *See* ECF No. 16. Accordingly, on September 12, 2025, the Court ordered Plaintiff to file a Response to Republic's

---

[1] Republic Services, Inc. files this Motion as no such entity called "Republic Waste Services of Texas, Ltd. d/b/a Republic Services of Dallas / Allied Waste Services of Dallas"—the newly named defendant in Plaintiff's Amended Complaint that replaced Republic Services, Inc.—exists. While Republic Services, Inc. does not concede that it or any related entity employed Plaintiff, Republic is not the correct defendant in this matter for the additional reason that Plaintiff did not perform services for this entity. The name of the entity for which Plaintiff performed services is Republic Waste Services of Texas, Ltd. d/b/a Republic Services of Dallas / Allied Waste Services of Dallas.

Rule 12(b)(6) Motion to Dismiss by September 19, 2025. ECF No. 20. Plaintiff, however, failed to follow the Court's Order and instead *again* responded to Republic's earlier Motion to Dismiss for Insufficient Service of Process on September 19. ECF No. 22. On September 22, the Court ordered Plaintiff for a second time to file a Response to Republic's Rule 12(b)(6) Motion to Dismiss by September 26, 2025 and warned Plaintiff that failure to do so would result in dismissal of her claims for failure to comply with a court order. ECF No. 23.

On September 25, 2025, Plaintiff filed her Response to Republic's Rule 12(b)(6) Motion to Dismiss, along with a Motion for Leave to File an Amended Complaint. ECF No. 24. Republic filed its Reply on October 3, 2025, detailing Plaintiff's failure to provide the Court with any basis for denying its Motion to Dismiss and requesting that the Court deny Plaintiff's request for leave to amend. ECF No. 25. Specifically, Republic argued that Plaintiff's proposed amended complaint failed to cure the deficiencies raised in Republic's Rule 12(b)(6) Motion to Dismiss. *See id.* at 5–6. The only substantive alteration to Plaintiff's complaint was changing the name of Defendant from "Republic Services, Inc." to "Republic Services, Inc. [ ] a/k/a Republic Waste Services of Texas Ltd. a/k/a Allied Waste Services of Dallas and Integra Staffing Services, Inc.," which conflates two separate entities—"Republic Services, Inc." and "Republic Waste Services of Texas, Ltd. d/b/a Republic Services of Dallas / Allied Waste Services of Dallas." *Id.* at 5 n.3.

On October 20, 2025, the Court granted Plaintiff's request for leave to amend and denied Republic's Rule 12(b)(6) Motion to Dismiss as moot. ECF No. 27. On October 21, 2025, Plaintiff filed her Amended Complaint. ECF No. 28. As detailed above, the only substantive changes Plaintiff made to her final Amended Complaint were changing defendant's name to a non-existent entity—"Republic Services, Inc. [ ] a/k/a Republic Waste Services of Texas Ltd. a/k/a Allied Waste Services of Dallas and Integra Staffing Services, Inc.," along with minor changes specifying

that this entity was a domestic entity and indicating that such entity could be served through undersigned counsel. *See id.* Given that Plaintiff did not amend any of her factual allegations in her Amended Complaint, Republic reasserts the same grounds for dismissal asserted in its July 29, 2025, Rule 12(b)(6) Motion to Dismiss in this Motion to Dismiss Plaintiff's Amended Complaint.

## II.    ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

In her Amended Complaint, Plaintiff alleges that she "registered with Defendant Integra for the purpose of securing permanent part-time or temporary work at any location in the Dallas area," and that in June 2024, Integra assigned her to work as an Administrative Assistant for Republic. ECF No. 1 ¶¶ 4.01–4.02. Plaintiff alleges that a Republic employee named "Roger" "would follow [her] into her workplace and distract her from her duties by making unwelcome personal comments." *Id.* ¶ 4.04. Plaintiff further alleges that on July 1, 2024, Roger followed Plaintiff into an office and grabbed her around the waist, squeezed her, and kissed her on the cheek as he was leaving. *Id.* ¶ 4.05. Plaintiff asserts she immediately reported his behavior to two supervisors at Republic and was sent home. *Id.* ¶ 4.06. Plaintiff purportedly also reported the conduct to Integra, and Integra then allegedly terminated her employment. *Id.* ¶¶ 4.07–4.08.

Plaintiff alleges that "Defendants exercised common control over the Plaintiff's terms and conditions of employment," that Integra and Republic were at all times joint employers, and that both "Defendants controlled Plaintiff's terms of employment up to and including dismissal." *Id.* ¶¶ 4.11, 5.04–5.05. Plaintiff further sets forth the legal conclusion that "Defendants are employers within the meaning of 42 U.S.C. §2000e(d) Title VII and Chapter 21 of the Texas Labor Code." *Id.* ¶ 5.03. Beyond those conclusory allegations, Plaintiff offers no factual basis to support the conclusion that Republic was her employer.

### III.    STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible" if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading that offers only a "formulaic recitation of the elements of a cause of action" or consists merely of "naked assertions devoid of further factual enhancement" is not sufficient. *Id.* (citing *Twombly*, 550 U.S. at 555, 557) (cleaned up).

In considering a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true but need not do the same for legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* At 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

### IV.    ARGUMENT & AUTHORITIES

#### A.    Plaintiff Fails to Sufficiently Allege Republic Was Her Employer

Plaintiff's claims against Republic should be dismissed because Plaintiff fails to adequately allege that Republic was her employer within the meaning of Title VII or the Texas Labor Code. Her Complaint does not allege that Republic directly employed her, but rather that she "registered with Defendant Integra for purposes of securing permanent part-time or temporary work at any location in the Dallas area" and that "Integra assigned [her] to work as an administrative Assistant

for Defendant Republic Services, Inc." ECF No. 1 ¶¶4.01–4.02. Plaintiff also includes the bare legal conclusions that Republic was an employer within the meaning of Title VII and the Texas Labor Code and that Republic and Integra acted as joint employers. *Id.* ¶¶ 5.03–5.04. These allegations are insufficient to show that Republic acted as Plaintiff's employer for purposes of Title VII or the Texas Labor Code.

"To determine whether [Defendant] is Plaintiff's employer under Title VII and consequently chapter 21 of the Texas Labor Code, a two-step process is followed." *Weeks v. Bottling Grp. LLC*, No. PE:21-CV-00066-DC-DF, 2022 WL 1523634, at *3 (W.D. Tex. May 13, 2022) (citing *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)), *report and recommendation adopted*, No. P:21-CV-00066-DC, 2022 WL 20539760 (W.D. Tex. May 31, 2022); *see also Dunlap v. Fort Worth Indep. Sch. Dist.*, No. 4:21-CV-00790-O-BP, 2021 WL 6503710, at *5 (N.D. Tex. Dec. 15, 2021), *report and recommendation adopted sub nom.*, *Dunlap v. Fort Worth Indep. Sch. Dist.*, No. 4:21-CV-00790-O-BP, 2022 WL 160242 (N.D. Tex. Jan. 18, 2022).

"'[F]irst, the defendant must fall within the statutory definition.'" *Dunlap*, 2021 WL 6503710 at *5 (quoting *Deal*, 5 F.3d at 118 n.2) (brackets in original). Second, "the Court must then ask if there is 'an employment relationship between the plaintiff and the defendant.'" *Id.* (quoting *Deal*, 5 F.3d at 118 n.2). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" and "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(b), (f). Section 21.002 of the Texas Labor Code provides almost identical definitions. *See* Tex. Lab. Code § 21.002(7), (8) (defining "employer" as "a person who is engaged in an industry affecting commerce and who has 15 or more employees

for each working day in each of 20 or more calendar weeks in the current or preceding calendar year" and "employee" as "an individual employed by an employer"). Even assuming for purposes of this Motion that Republic falls within the statutory definition of an "employer," Plaintiff fails to allege any facts to support the legal conclusion that there was a direct employment relationship between herself and Republic. Her allegations therefore fail at this second step of the analysis.

Plaintiff's allegations with respect to joint employment fare no better. "The term joint employer refers to two or more employers that are unrelated or that are not sufficiently related to qualify as an integrated enterprise, but that each exercise sufficient control of an individual to qualify as [his] employer." *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 928 (5th Cir. 2021) (quoting EEOC Compliance Manual, Section 2: Threshold Issues at III(B)(1)(a)(iii)(b), 2009 WL 2966755) (brackets in original) (internal quotation marks omitted). Courts apply a "hybrid economic realities/common law control test" when determining if an entity qualifies as an individual's employee, with "the right to control the employee's conduct" being the most important component. *Id.* at 929.

To analyze the right to control, courts "focus on the right to hire and fire, the right to supervise, and the right to set the employee's work schedule," while for the economic-realities component, courts focus "on who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* Absent the direct assertion of an employer-employee relationship between the plaintiff and the defendant, courts at the motion-to-dismiss stage infer such a relationship only if the plaintiff alleges that the defendant "controlled access to the plaintiff's employment opportunities and denied or interfered with that access based on unlawful criteria," or "has the right to control and direct the work of the plaintiff, not only as to the result to be achieved, but also to the details by which that result is achieved." *Weeks*, 2022 WL

1523634, at *5 (citations and internal quotation marks omitted).

Plaintiff alleges that Integra assigned her to work at Republic and that "Defendants exercised common control over the Plaintiff's terms and conditions of employment." *Id.* ¶¶ 4.02, 4.11. Plaintiff also makes contradictory allegations about who was responsible for her termination. She initially alleges that Integra terminated her employment, but later alleges that "Defendants controlled Plaintiff's terms of employment up to and including dismissal" and that "Defendants retaliated against Plaintiff . . . by terminating Plaintiff's employment." *Compare id.* ¶¶ 4.07 *with id.* ¶¶ 5.05, 6.04. Plaintiff further makes the conclusory allegation that "Defendants were at all times joint employers and are therefore jointly liable for the claims of discrimination raised herein." *Id.* ¶ 5.04.

Plaintiff, however, fails to include any factual allegations in support of her legal conclusion that Republic acted as a joint employer. Beyond her bald assertion that "Defendants" terminated her employment, which fails to identify a single employee of Republic allegedly responsible for the termination of her employment, she fails to set forth any facts concerning any element of the hybrid economic realities/common law control test. *See Hood v. Gulf Cap. Bank, Inc.*, No. CV H-22-1126, 2022 WL 3588049, at *4 (S.D. Tex. Aug. 22, 2022) ("General allegations lumping all defendants together and failing to identify specific actions of individual defendants will not suffice to raise an inference of plausible liability against any individual defendant." (quoting *Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2021 WL 5393829, at *4 (W.D. Tex. Nov. 17, 2021)).

Plaintiff's conclusory allegations are insufficient to show that Republic acted as her joint employer. *See, e.g.*, *E.E.O.C. v. Serv. Master Co.*, No. 306-CV-1761-M, 2007 WL 1828035, at *2 (N.D. Tex. June 26, 2007) (finding pleadings insufficient where EEOC failed to allege "any facts

under which Service Master could be liable under a joint liability theory" and failed to "distinguish between Terminix and Service Master as separate Defendants in the action and makes no mention of a joint liability theory, or any facts relevant to it"); *Hood*, 2022 WL 3588049, at *4 (granting motion to dismiss where plaintiff failed to allege "any plausible indicators of a joint-employment relationship").

Accordingly, each of Plaintiff's claim against Republic should be dismissed because she failed to adequately plead that Republic was her employer.

## B.    Plaintiff Fails to State a Claim for Sexual Harassment

Assuming for purposes of this argument only that Plaintiff sufficiently alleged Republic was her employer, Plaintiff's allegations—even when taken as true—are not sufficient to state a claim for sexual harassment. Plaintiff alleges she worked at Republic for less than three weeks— 18 days total. ECF No. 1 ¶ 4.03. Plaintiff alleges that shortly after she started her assignment at Republic, a Republic employee named "Roger" "follow[ed] Plaintiff into her workplace and distract[ed] her from her duties by making unwelcome personal comments." *Id.* ¶ 4.04. Additionally, Plaintiff alleges that "[o]n or about July 1, 2024, Roger followed Plaintiff into the office where she was working and continued to make unwelcome personal comments." *Id.* ¶ 4.05. As he was leaving, Roger allegedly "grabbed Plaintiff around the waist, squeezed her and kissed her on the cheek," which was unwelcome. *Id.*

To establish a hostile work environment based on gender, Plaintiff must prove that she: "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on [sex]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in

question and failed to take prompt remedial action."[2] *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013) (internal quotation marks omitted) (brackets in original). "Harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (internal quotation marks omitted). Harassment must consist of more than "simple teasing, offhand comments, and isolated incidents (unless extremely serious)." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citation and quotation marks omitted).

For harassment to be actionable, it "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* at 787. Courts must look at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 787–88 (internal quotation marks omitted). Comments can be offensive and not subject an employer to liability. *Johnson v. TCB Const. Co.*, 334 F. App'x 666, 670 (5th Cir. 2009) (per curiam) ("There is no doubt that the alleged comments by Turner are offensive and that those . . . would cause us to question the wisdom of Turner's retention by TCB. Nevertheless, Turner's actions vis-a-vis Johnson do not rise to the level required for employer liability under Title VII.").

Plaintiff's entire sexual harassment claim consists of allegations that a Republic employee (1) made an unknown number of unspecified "unwelcome personal comments," (2) grabbed her

---

[2] Plaintiff's federal and state claims are analyzed under the same legal framework. *See, e.g.*, *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021) ("The Supreme Court of Texas has instructed Texas courts to consult judicial interpretations of Title VII and follow the approach of the United States Supreme Court in interpreting Title VII when reviewing [Chapter 21] claims.").

waist one time, and (3) kissed her on the cheek one time. First, because Plaintiff provided no details regarding the alleged "personal comments" made, and specifically, does not allege or demonstrate such comments were sexual in nature, such comments cannot constitute sexual harassment. *See Buenrostro v. Flight Safety Int'l, Inc.*, 151 F. Supp. 2d 788, 791 (W.D. Tex. 2000) (granting motion to dismiss sexual harassment claim where the court found "that although plaintiff complains about being subjected to 'numerous unwelcome and unsolicited actions'" by a colleague who allegedly asked her out to lunch, questioned about her personal life, and told her about his disappointment with his wife, commented on her appearance, etc., "plaintiff does not allege these actions were sexual in nature").

Moreover, Plaintiff does not specify the number of "personal comments" Roger purportedly made. An unspecified number of "personal comments" along with the remaining conduct—one instance of grabbing Plaintiff's waist and kissing her on the cheek—does not rise to the level of severe or pervasive. *See Hanna v. Cangshan Cutlery Co.*, 767 F. Supp. 3d 384, 388, 390 (W.D. Tex. 2025) (granting motion to dismiss sexual harassment claim because conduct was not severe or pervasive where plaintiff alleged her supervisor regularly sat on the arm of her desk chair while leaning against her and asking "very personal questions," closed the door during every meeting, called her "beautiful" and made other similar comments about her physical appearance, tried to convince her to break up with her then-boyfriend, gave her unsolicited relationship advice, suggested they attend out of town trade shows and dinners alone, played with her hair, asked her what type of men she was interested in dating, and asked her about her love life over a period of about three months).

Courts in the Fifth Circuit routinely find much more severe comments and conduct from other employees, including an employee's own supervisor, insufficient to establish a hostile work

environment.[3] *See, e.g.*, *Paul v. Northrop Grumman Ship Sys.*, 309 F. App'x 825, 827–29 (5th Cir. 2009) (per curiam) (affirming summary judgment for employer on hostile work environment claim where plaintiff's purported supervisor in a single incident "chest[ed] up" to plaintiff's breasts, placed his hand on her stomach and ran his hand around her waist, and rubbed his pelvic region across her hips and buttocks); *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328–329 (5th Cir. 2004) (affirming summary judgment for employer on hostile work environment claim where employee claimed that her colleague (1) once made a remark to her about another employee's body, (2) once slapped her on the behind with a newspaper, (3) "grabbed or brushed" against her breasts and behind, (4) once held her cheeks and tried to kiss her, (5) asked her to come to the office early so that they could be alone, and (6) once stood in the door of the bathroom while she was washing her hands); *Shepherd v. Comptroller of Pub. Accts. of State of Tex.*, 168 F.3d 871, 872, 874 (5th Cir. 1999) (affirming summary judgment for employer on hostile work environment claim where employee alleged that over a two year period, a co-worker touched employee's arm several times, rubbed his hand from her shoulder down to her wrist, simulated looking up her dress, tried to look down her clothing, and made sexually suggestive comments that included referring to color of her nipples and size of her thighs).[4]

---

[3] While the cases cited here analyze summary judgment motions or the legal sufficiency of evidence at trial, such cases are nonetheless instructive in the motion to dismiss context, as they demonstrate that certain conduct—even when supported with evidence (as opposed to just alleged)—cannot support a sexual harassment claim.

[4] Texas state courts also find much more severe conduct than that alleged by Plaintiff to be insufficient. *See Twigland Fashions, Ltd. v. Miller*, 335 S.W.3d 206, 221–25 (Tex. App.—Austin 2010, no pet.) (finding plaintiff did not present legally sufficient evidence of sexual harassment based on male supervisor's conduct of asking plaintiff how many men she had slept with, expressing a desire to "be friends" with plaintiff outside of the workplace, periodically advising plaintiff that she "owed" him hugs or kisses for her poor job performance, giving plaintiff two uninvited full-body hugs from behind in a back storage room, and divulging that he "loved" and "cared" about plaintiff over a forty-nine day period); *Spring v. Walthall, Sachse & Pipes, Inc.*, No. 04–09–00474–CV, 2010 WL 2102988, at *5, *7 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.) (affirming summary judgment in favor of employer on sexual harassment claim where the company's president allegedly once pushed the employee's head into his hip and patted her head, once thrust his buttocks into her pelvic area in a crowded elevator and grinded from side to side while laughing, and once kissed her cheek and neck); *Garcia v. Schwab*, 967 S.W.2d 883, 885, 887 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) (affirming summary judgment in favor of employer on hostile work environment claim where employee alleged her manager stared at and commented on her breasts, touched his genitals, frankly

Allegations like those Plaintiff presents, which are of a much less severe nature and extent from individuals without any supervisory authority over Plaintiff, cannot establish a hostile work environment claim as a matter of law in light of this authority. Plaintiff's sexual harassment claim should therefore be dismissed.

## C.    Plaintiff Fails to State a Claim for Sex Discrimination

Plaintiff appears to be asserting a sex discrimination claim, separate and apart from her sexual harassment claim. Again assuming *arguendo* for purposes of this argument only that Plaintiff sufficiently alleged Republic was her employer, Plaintiff's sex discrimination claim lacks sufficient factual detail to survive a motion to dismiss. While Plaintiff does not have to submit evidence to establish a *prima facie* case of discrimination under the *McDonnell Douglas* burden-shifting framework to survive a motion to dismiss, she does have to "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)) (internal quotation marks omitted).

"[T]here are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status." *Cicalese*, 924 F.3d at 767 (emphasis in original) (internal quotation marks omitted). The Fifth Circuit provides that, in making this inquiry, "it can be helpful to reference the *McDonnell Douglas* framework." *Chhim*, 836 F.3d at 470. Under *McDonnell Douglas*, Plaintiff must show she: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was

---

discussed highly personal and sexual matters with her, remarked on her appearance, stared at and commented on a photograph of a female client, commented on the appearance of other women, made repeated sexual references that she felt were intended to arouse her, and insulted and yelled at her).

replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (internal quotation marks and citation omitted).

Here, Plaintiff fails to plead any facts showing that her employment was terminated because she was a woman. For example, Plaintiff does not point to any similarly situated male comparators who were treated more favorably than her, nor does she allege she was replaced by a male. Plaintiff further does not plead any other details showing that her employment was terminated *because of* her gender. *See Alfred v. City of Austin*, No. 1:20-CV-1119-LY, 2021 WL 12301191, at *3 (W.D. Tex. Sept. 2, 2021) (recommending grant of motion to dismiss discrimination claim where plaintiff alleged he was an "African American man" but failed to plead any other facts to indicate any allegedly adverse actions were taken because of his race or national origin), *report and recommendation adopted*, No. 1:20-CV-1119-LY, 2022 WL 22869755 (W.D. Tex. Jan. 24, 2022); *Stewart v. AutoRevo, Ltd.*, No. 3:17-CV-0019-B, 2017 WL 5177119, at *5 (N.D. Tex. Nov. 8, 2017) (granting motion to dismiss race discrimination claim where plaintiff did not offer any facts from which the court could infer that he was terminated because of his race and that "[s]imply stating that he is African American and his replacement is Caucasian is insufficient"). For these reasons, Plaintiff's sex discrimination claim fails.

## V.     CONCLUSION

In light of the foregoing, Defendant Republic Services, Inc. respectfully requests that this Court grant its Motion and dismiss all of Plaintiff's claims against it with prejudice.

Dated:  November 4, 2025                    Respectfully submitted,


                                           */s/ Nicole S. LeFave*
                                           _____
                                           Kimberly R. Miers
                                           Texas State Bar No. 24041482
                                           kmiers@littler.com
                                           LITTLER MENDELSON, P.C.
                                           2001 Ross Avenue
                                           Suite 1500, Lock Box 116
                                           Dallas, TX  75201.2931
                                           Telephone:      214.880.8100
                                           Facsimile:      214.880.0181

                                           Nicole S. LeFave
                                           Texas Bar No. 24085432
                                           nlefave@littler.com
                                           Kimberly Kauffman
                                           Texas Bar No. 24089255
                                           kkauffman@littler.com
                                           LITTLER MENDELSON, P.C.
                                           100 Congress Avenue, Suite 1400
                                           Austin, Texas 78701
                                           Telephone:      512.982.7250
                                           Facsimile:      512.982.7248

                                           **ATTORNEYS FOR DEFENDANT
                                           REPUBLIC SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2025, a true and correct copy of the foregoing was served on the following counsel of record by the Court's ECF system:

Nicholas A. O'Kelly
The Law Offices of Nick O'Kelly, PLLC.
8080 N. Central Expy., Suite 1700
Dallas, TX 75206
nick@okellylawyer.com

***Attorney for Plaintiff***

*/s/ Kimberly Kauffman*
Kimberly Kauffman