UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH RAYLANE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-cv-03051-x |
| INTEGRA STAFFING SERVICES, | § | |
| INC., and REPUBLIC SERVICES, | § | |
| INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Republic Services, Inc. (Republic) and Integra Staffing Services, Inc.'s (Integra) motions to dismiss. (Docs. 29 and 34). The Court **GRANTS** Republic's motion and **DISMISSES WITHOUT PREJUDICE** the claims against Republic. The Court **GRANTS IN PART** and **DENIES IN PART** Integra's motion and **DISMISSES WITHOUT PREJUDICE** all Raylane's claims against Integra except the retaliation claim. The Court **ORDERS** Raylane to replead and cure the defects in her complaint within twenty-eight days of the issuance of this order.

## I. Background

Integra provides permanent and temporary staffing to various companies, including Republic. Raylane registered with Integra to secure part-time or temporary employment in the Dallas area. In June 2024, Integra assigned Raylane to Republic,

1

where she worked as an administrative assistant. Raylane began working at Republic on June 20, 2024, and was terminated seventeen days later on July 7, 2024.

Raylane alleges that Roger, a Republic employee, would "follow Plaintiff into her workplace and distract her from her duties by making unwelcome personal comments."[1] Raylane asserts that on or around July 1, 2024, Roger followed her into her workplace and continued to make unwelcome comments, then on his way out, "grabbed Plaintiff around the waist, squeezed her and kissed her on the cheek."[2] Raylane immediately reported Roger's behavior to supervisors at Republic, who then sent Raylane home.

Raylane alleges that she also reported the incident to Integra. Subsequently, her employment through Integra with Republic ended, and Integra told Raylane there was no more work for her at Republic. Although Raylane asked Integra for more work with Republic or another employer, Integra told her there was no more work for her to do at that time. Raylane asserts Defendants terminated her in retaliation for her complaining about the "unwelcome advances and sexually hostile environment." Raylane sued, bringing sexual discrimination, sexual harassment, and retaliation claims under Title VII and Chapter 21 of the Texas Labor Code against both Republic and Integra.[3] Defendants each moved to dismiss.

---

[1] Doc. 28 ¶ 4.04.

[2] *Id.* at ¶ 4.05.

[3] Claims brought under Chapter 212 of the Texas Labor Code are analyzed pursuant to the Title VII framework. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 n. 10 (5th Cir. 2001).

## II.    Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[4]  A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[5]  In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[6]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[7]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[9]  That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[10]

---

[4] FED. R. CIV. P. 12(b)(6).

[5] FED. R. CIV. P. 8(a)(2).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[10] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (cleaned up).

### III.   Analysis

Both defendants moved to dismiss asserting different basis.  The Court starts with Raylane's claims against Republic before addressing her claims against Integra.

### A.  Republic

Republic asserts that Raylane's claims against Republic fail because (1) Raylane fails to sufficiently allege Republic was her employer, (2) she fails to state a claim for sexual harassment, and (3) she fails to state a claim for sex discrimination. The Court takes each in turn.

### 1. Republic's Employer Status

Raylane fails to sufficiently plead that Republic was her employer or joint employer within the meaning of the Title VII or the Texas Labor Code.[11]  To state a claim under Title VII or Texas Labor Code Chapter 21, Raylane must plausibly allege that Republic qualifies as her employer within the meaning of the statute.[12]

In determining whether an employment relationship exists, the Fifth Circuit applies "a hybrid economic realities/common law control test."[13]  "The right to control an employee's conduct is the most important component of this test."[14]  The control component focuses on "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's

---

[11] *See Wallace*, 271 F.3d at 219 n. 10 (stating that courts evaluate Chapter 21 claims on the same basis as Title VII claims).

[12] *Id.*

[13] *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118 (5th Cir. 1993) (cleaned up).

[14] *Id.*

work schedule."[15]  "The economic realities component of [the] test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment."[16]

Here, Raylane asserts that (1) she registered with Integra for employment, (2) Integra assigned her to Republic, (3) she reported the alleged harassment to Republic supervisors, (4) Integra terminated her employment, and (5) that Integra told her there was no more work for her at Republic.  But she makes no allegation that Republic had control over her.

Accordingly, the Court agrees with Republic that Raylane did not establish that Republic had the requisite control to be considered Raylane's employer or joint employer.  Therefore, the claims against Republic must be dismissed.

### 2. Sexual Harassment

Raylane also fails to state a claim for sexual harassment.  To allege unlawful conduct in a hostile work environment based on sex under Title VII, Raylane needed to establish that she

> (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on sex; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[17]

---

[15] *Id.*

[16] *Id.*

[17] *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 401 (5th Cir. 2013) (cleaned up).

The alleged conduct "affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[18]

Raylane alleged that Roger, a Republic employee, made "unwelcome personal comments" and "grabbed [her] around the waist, squeezed her and kissed her on the cheek" one time.[19]  Roger's conduct, as alleged by Raylane, does not rise to the level of "severe or pervasive" that is required under Fifth Circuit precedent.[20]  So Raylane did not sufficiently plead a sexual harassment claim, and this claim is dismissed.

### 3. Sex Discrimination

Lastly, as far as the Court can tell, Raylane also raises a sex discrimination claim, alleging that Republic terminated her because of her sex after she reported the alleged sexual harassment.  At the motion to dismiss stage, a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible."[21]

---

[18] *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (cleaned up).

[19] Doc. 28 ¶ 4.04–05.

[20] The Fifth Circuit routinely finds more severe or frequent comments and conduct from other employees or supervisors as insufficient to establish a hostile work environment. *See, e.g.*, *Paul v. Northrop Grumman Ship Sys.*, 309 F. App'x 825, 826 (5th Cir. 2009) (affirming summary judgment for employer who "chest[ed] up" female employee, "placed his hand on her stomach and ran his around her waist, and "rubbed his pelvic region across [her] hips and buttocks"); *Hockman v. Westward Communications, LLC*, 407 F.3d 317 (5th Cir. 2004) (affirming summary judgment for employer whose employee claimed a colleague repeatedly made unwanted verbal advances and sexual physical contact); *Shepherd v. Comptroller of Pub. Accounts of State of Tex.*, 168 F.3d 871 (5th Cir. 1999) (affirming summary judgment for employer whose employee claimed two years of unwanted physical contact and sexually suggestive comments, including referring to the color of her nipples and size of her thighs).

[21] *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (cleaned up).

The "two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII" are "(1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status."[22]

If Republic had an employment relationship with Raylane, then her termination is the quintessential adverse employment action.[23]  That said, Raylane fails to provide any facts showing that her sex motivated her dismissal.  Accordingly, even if Raylane sufficiently pled that Republic was her employer—which she did not—the Court would dismiss her sex discrimination claim against Republic because she failed to plead any facts about sex motivating her termination.  Thus, for all three bases, the Court must dismiss Raylane's claim against Republic.

### B. Integra

Raylane's claims against Integra are nearly identical to those against Republic, as are the defects.  Integra asserts that Raylane's claims against Integra fail because (1) Raylane fails to state a claim for sexual harassment, (2) Integra did not have the required notice of the alleged harassment, and (3) Raylane insufficiently alleges that her termination was retaliation.

### 1.  Sexual Harassment

For the same reasons noted above regarding Republic, Raylane also fails to state a sexual harassment claim against Integra.  Raylane's allegations fail to

---

[22] *Id.* at 767. (emphasis in original) (cleaned up).

[23] *See, e.g.*, *Zenor v. El Paso Healthcare Sys.*, 176 F.3d 847, 855 (5th Cir. 1999).

establish any claim for sexual harassment under Title VII or Chapter 21 of the Texas Labor Code.

Moreover, a staffing agency such as Integra can only be held liable for their own discriminatory conduct and that of their clients (like Republic) when "the staffing agency knew or should have known of its client's discriminatory behavior yet failed to take corrective actions within their control."[24]  Raylane does not sufficiently plead facts to show Integra had prior knowledge of Republic's conduct and failed to take remedial action prior to her termination.  So Raylane does not establish a sexual harassment claim against Integra, and the Court must dismiss this claim.

## 2. Retaliation

Raylane also raises a retaliation claim under 42 U.S.C. § 2000e-3.  Section 2000e-3 prohibits employers from discriminating against an employee or applicant for employment "because he has opposed any practice made an unlawful employment practice by this subchapter."[25]

"To establish a prima facie case of retaliation, the plaintiff must establish that: (1) [s]he participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action."[26]  "The mere fact that some adverse action is taken after an employee engages in some protected activity

---

[24] *Arrendondo v. Elwood Staffing Serv., Inc.*, 81 F.4th 419, 428 (5th Cir. 2023).

[25] 42 U.S.C. § 2000e-3.

[26] *Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021) (cleaned up).

8

will not always be enough for a *prima facie* case."[27]  "Nevertheless, close timing between the protected activity and adverse action can establish the casual link required to assert a *prima facie* case."[28]  The Fifth Circuit has "repeatedly held periods of a few months [are] sufficient to satisfy causation in a prima facie case."[29]

Raylane alleges that Integra terminated her employment less than a week after she complained about Roger's harassment.  This is archetypal retaliation.

Complaining about sexual harassment is a protected activity and termination is an adverse employment action.[30]  And the weeklong gap between Raylane's complaint and her alleged termination easily falls within the Fifth Circuit's causation precedent.[31]

So Raylane's complaint makes a *prima facie* case of retaliation against Integra.

## IV.  Conclusion

For all claims except the retaliation claim against Integra, Raylane fails to state a claim against Republic or Integra upon which relief can be granted. Accordingly, the Court **DENIES** Integra's motion to dismiss as to Raylane's retaliation claim and **DISMISSES WITHOUT PREJUDICE** Raylane's remaining claims against Republic and Integra.  The Court **ORDERS** Raylane to replead and cure the defects in her complaint within twenty-eight days of the issuance of this

---

[27] *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 835 (5th Cir. 2022) (cleaned up).

[28] *Id.* (cleaned up).

[29] *January v. City of Huntsville*, 74 F.4th 646, 653 (5th Cir. 2023) (collecting cases).

[30] *Dallis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) ("There can be no question that [the employee's] retaliation claims satisfy the first element of the analysis, filing an administrative complaint is clearly protected activity"); *Zenor*, 176 F.3d at 855.

[31] *See January*, 74 F.4th at 653.

order.  The changes Raylane may make in that pleading are limited to the defects this Order identifies.  She may not add new claims or parties to the amended pleading.

    **IT IS SO ORDERED** this 25th day of March, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE