UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH RAYLANE,<br><br>*Plaintiff*,<br><br>v.<br><br>INTEGRA STAFFING SERVICES, INC., and REPUBLIC SERVICES, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:24-CV-3051-X |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Republic Services, Inc. (Republic) and Integra Staffing Services, Inc.'s (Integra) Motions to Dismiss. (Docs. 43, 45). The Court **GRANTS IN PART** and **DENIES IN PART** Republic's Motion and **DISMISSES WITH PREJUDICE** Raylane's sexual harassment and sex discrimination claims against Republic. The Court **GRANTS IN PART** and **DENIES IN PART** Integra's Motion and **DISMISSES WITH PREJUDICE** Raylane's sexual harassment and sex discrimination claims against Integra. Raylane's retaliation claim survives.

## I. Background and Procedural History

Integra provides temporary staffing to various companies, including Republic. In June of 2024, Integra assigned Raylane to Republic, where she worked seventeen days. Raylane alleges that during her employment, Roger, a Republic employee, would "follow [her] into her workplace and distract her from her duties by making

unwelcome personal comments."[1] Raylane asserts that on or around July 1, 2024, Roger followed her into her workplace and continued to make unwelcome comments, then on his way out, "grabbed [her] around the waist, squeezed her and kissed her on the cheek."[2] Raylane immediately reported Roger's behavior to two supervisors at Republic, who sent Raylane home. Raylane alleges that she also reported the incident to Integra, which then terminated her employment. Raylane asserts Integra and Republic terminated her in retaliation for her complaint about the "unwelcome advances and sexually hostile environment in the workplace."[3]

Raylane sued, bringing sexual harassment, sex discrimination, and retaliation claims, and her Second Amended Complaint is now live. Under previous complaints, the Court dismissed without prejudice all claims except Raylane's retaliation claim against Integra. Now, Integra and Republic again seek dismissal of all claims.

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[4] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

[1] Doc. 42 ¶ 15.

[2] *Id.* ¶ 16.

[3] *Id.* ¶¶ 22, 23, 39.

[4] FED. R. CIV. P. 12(b)(6).

[5] FED. R. CIV. P. 8(a)(2).

conclusory statements, do not suffice."[6] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[7] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[9] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[10]

## III. Analysis

Raylane brings claims for (1) sexual harassment (2) sex discrimination, and (3) retaliation against both Republic and Integra under Title VII and Chapter 21 of the Texas Labor Code against both Republic and Integra.[11] Republic and Integra each move to dismiss all three claims. The Court will begin by addressing Republic's arguments and then will address Integra's.

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[10] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (cleaned up).

[11] Courts analyze claims under Chapter 212 of the Texas Labor Code pursuant to the Title VII framework. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 n.10 (5th Cir. 2001).

### A. Republic

Republic asserts that Raylane failed to state a claim for sexual harassment and sex discrimination and further argues that Raylane's retaliation claim fails. The Court will address each argument in turn.

#### 1. Raylane's Sexual Harassment Claim Against Republic

Raylane's Second Amended Complaint brings the same sexual harassment allegations the Court previously deemed insufficient to state a claim against Republic.[12] As the Court has already discussed, Roger's actions, while "unwelcome,"[13] did "not rise to the level of 'severe or pervasive' that is required under Fifth Circuit precedent."[14] Raylane fails to allege additional facts—such as prolonged harassment from Roger or another Republic employee—that change the Court's previous analysis. So the Court **DISMISSES WITH PREJUDICE** Raylane's sexual harassment claim against Republic.

#### 2. Raylane's Sex Discrimination Claim Against Republic

Raylane's Second Amended Complaint also brings the same sex discrimination allegations the Court previously dismissed as insufficient to state a claim against Republic.[15] Raylane still has not demonstrated that Republic dismissed her because of her sex. She does not point to any similarly situated male employees who were

---

[12] *See* Docs. 41, 42.

[13] Doc. 42 at 3.

[14] Doc. 41 at 6 n.20 (collecting cases to demonstrate that the Fifth Circuit routinely finds more severe or frequent comments and conduct from other employees or supervisors as insufficient to establish a hostile work environment).

[15] *See* Docs. 41, 42.

treated more favorably than her, nor does she allege she was replaced by a male.[16] Such claims, devoid of anything but conclusory allegations, cannot survive. The Court therefore **DISMISSES WITH PREJUDICE** Raylane's sex discrimination claim against Republic.

### 3. Raylane's Retaliation Claim Against Republic

Lastly, Raylane clarifies her retaliation claim against Republic under 42 U.S.C. § 2000e-3, making it clear that she brings the claim against both Integra and Republic because they jointly retaliated against her after she reported Roger's conduct.[17] Republic makes two arguments against the retaliation claim, but neither argument prevails.

First, Republic incorrectly contends that Raylane brings a new retaliation claim against Republic because she failed to allege any retaliation claim against Republic in her First Amended Complaint.[18] Raylane's references to "Defendants" in her First Amended Complaint allows her to clarify her retaliation claim against Republic now.

Second, because Raylane sufficiently pleads facts upon which relief can be granted, Republic is wrong to assert that Raylane's "allegations are vague, conclusory, and unsupported."[19] Title VII requires a plaintiff to show that (1) she participated in a protected activity, (2) she was subject to an adverse employment

---

[16] *See* Doc. 42 at 5–6.

[17] *See* Doc. 42 at 6.

[18] *See* Doc. 44 at 8.

[19] *See id.*

action, and (3) there was a causal connection between the protected activity and the adverse employment action.[20] "The mere fact that some adverse action is taken after an employee engages in some protected activity will not always be enough for a *prima facie* case."[21] "Nevertheless, close timing between the protected activity and adverse action can establish the casual link required to assert a *prima facie* case."[22] The Fifth Circuit has "repeatedly held periods of a few months [are] sufficient to satisfy causation in a prima facie case."[23]

Raylane's Second Amended Complaint alleges that "Republic declined to accept [her] for any further work after she made her complaint of sex harassment."[24] In Republic's view, Raylane "fails to include any factual detail to support this conclusion."[25] But viewing the pleadings in the light most favorable to Raylane,[26] the Court finds that she has alleged enough to survive Republic's Motion to Dismiss.

Specifically, Republic refused to accept her for any work (an adverse employment action) after she complained to them about Roger's unwelcome conduct (a protected activity).[27] And the timing between the two activities indicates that they

[20] *See Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021).

[21] *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 835 (5th Cir. 2022) (cleaned up).

[22] *Id.* (cleaned up).

[23] *January v. City of Huntsville*, 74 F.4th 646, 653 (5th Cir. 2023) (collecting cases) (cleaned up).

[24] Doc. 42 at 4.

[25] Doc. 44 at 9.

[26] *See Collins*, 224 F.3d at 498.

[27] *See, e.g.*, *Dallis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) ("There can be no question that [the employee's] retaliation claims satisfy the first element of the analysis, filing an administrative complaint is clearly protected activity.").

are directly related.[28] Raylane need not plead an elaborate factual scheme describing in detail exactly how Republic worked to discriminate against her; her allegations in her Second Amended Complaint suffice. So Raylane's retaliation claim survives. Accordingly, the Court **DENIES** Republic's motion to dismiss as to retaliation.

### B. Integra

Integra likewise asserts that Raylane fails to state a claim for (1) sex discrimination and sexual harassment and further argues (2) that Raylane's retaliation claim fails. The Court will address each argument in turn.

#### 1. Raylane's Sexual Harassment and Sex Discrimination Claims Against Integra

For the same reasons discussed above for Republic, Raylane's Second Amended Complaint also fails to state a sexual harassment or sex discrimination claim against Integra. First, Raylane's sexual harassment allegations still fail to establish any claim under Title VII or Chapter 21 of the Texas Labor Code because as alleged, Rogers' conduct was neither severe nor pervasive under Fifth Circuit precedent.[29]

Second, for sex discrimination, staffing agencies like Integra can only be held liable for discriminatory conduct when the "staffing agency knew or should have known of its client's discriminatory behavior yet failed to take corrective actions within their control."[30] Raylane still has not sufficiently pled facts to show Integra

---

[28] *See January*, 74 F.4th at 653.

[29] *See* Doc. 41 at 6 n.20 (collecting cases to demonstrate that the Fifth Circuit routinely finds more severe or frequent comments and conduct from other employees or supervisors as insufficient to establish a hostile work environment).

[30] *Arrendondo v. Elwood Staffing Servs., Inc.*, 81 F.4th 419, 428 (5th Cir. 2023).

had prior knowledge of Republic's conduct and failed to take remedial action prior to her termination. So Raylane also does not establish a sex discrimination claim against Integra. Accordingly, the Court **DISMISSES WITH PREJUDICE** Raylane's sexual harassment and sex discrimination claims against Integra.

**2. Raylane's Retaliation Claim Against Integra**

Raylane's retaliation claim against Integra is identical to her claim against Republic and survives for the same reasons. Integra argues that Raylane's "vague, nonspecific allegations are insufficient to state a cause of action against Integra."[31] But Raylane alleges that Integra terminated her employment less than a week after she complained about Roger's harassment. Whether or not Integra could have employed her elsewhere after firing her does not matter when analyzing only her termination—the adverse employment action. As discussed above, Raylane's allegation describes archetypal retaliation. She alleges she reported unwanted sexual conduct (a protected activity); she was subsequently terminated (an adverse employment action); and the less than a week passed between the report and the termination (the causal connection).[32] While perhaps less specific than Integra would *prefer*, Raylane's complaint makes a *prima facie* case of retaliation against Integra, and it survives as well. Accordingly, the Court **DENIES** Integra's motion to dismiss as to retaliation.

---

[31] Doc 45 at 15.

[32] *See* Doc 42 at 6.

## IV. Conclusion

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Republic and Integra's motions to dismiss. Specifically, the Court **GRANTS** Republic and Integra's Motions to Dismiss as to Raylane's sexual harassment and sex discrimination claims and **DISMISSES WITH PREJUDICE** those claims. And the Court **DENIES** Republic and Integra's motions to dismiss as to Raylane's retaliation claim. Raylane's retaliation claim against both Republic and Integra can proceed.

**IT IS SO ORDERED** this 17th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE